

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 12 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MOHAMMAD KARAMOUZ,

                Plaintiff,

      v.

NEW YORK UNIVERSITY POLYTECHNIC
SCHOOL OF ENGINEERING,

                Defendant.
------------------------------------------------------------------x

**NOT FOR PUBLICATION**

**ORDER**
15-CV-3853 (WFK) (RML)

**WILLAM F. KUNTZ, II, United States District Judge:**

After careful review of the motion papers submitted by both parties in the above-captioned action, *see* ECF No. 24, and for the reasons discussed below, the Court finds Plaintiff's claims are time-barred and there are otherwise no genuine issues of material fact precluding summary judgment. Accordingly, the Court hereby **GRANTS** Defendant's motion for summary judgment in its entirety.

## BACKGROUND

Mohammad Karamouz ("Plaintiff") brings this action against New York University Polytechnic School of Engineering ("Defendant") alleging violations of Title VII of the Civil Rights Act of 964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). *See* Complaint, ECF No. 1. Plaintiff maintains Defendant failed to re-appoint him because of his age, Muslim religion, and Iranidan national origin. *Id.* Defendant now moves for summary judgment. *See* ECF No. 24.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" by citation to materials in the record. Fed. R. Civ. P. 56(a)–(c). A genuine dispute exists if a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986); *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001). Courts must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant" when evaluating summary judgment motions. *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation and internal quotation marks omitted). The role of the district court is not to weigh the evidence and to determine the truth of the matter, but rather to answer "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 249-50.

If the moving party carries its preliminary burden, the burden shifts to the non-movant to raise the existence of "'specific facts showing that there is a genuine issue for trial.'" *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161, 168 (E.D.N.Y. 2009) (Wexler, J.) (quoting *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence" in support of the non-movant will not alone defeat a summary judgment motion. *Anderson*, 477 U.S. at 252. Rather, the non-moving party must make a showing sufficient to establish the existence of each element constituting its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("[A] complete failure of proof concerning an essential element of the nonmov[ant]'s case necessarily renders all other facts immaterial."). Conclusory statements, devoid of specifics, are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

## DISCUSSION

The Court draws the facts of this case from the parties' Local Rule 56.1 Statements, declarations, deposition testimony, and other evidence submitted in support of the motion. Fed. R. Civ. P. 56(c). *See* Def. St. of Undisputed Material Facts ("Def. St."), ECF No. 24-1; Pl. St. of

Undisputed Material Facts ("Pl. St."), ECF No. 24-26. The facts are undisputed, and to the extent they are not, the Court construes them in the light most favorable to Plaintiff, the non-moving party, "with all factual ambiguities resolved and all reasonable inferences drawn in his favor." *Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).[1]

## I. The Complaint is Time-Barred

The Complaint must be dismissed in its entirety because Plaintiff's claims are time barred. Title VII and the ADEA require a claimant to file a charge with the EEOC within 300 days of the alleged act of discrimination. 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. §§ 626(d)(1)(b), 633(b). "[T]he timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory act, not from the date the decision takes effect." *Schockley v. Vt. State Coll.*, 793 F.2d 478, 481 (2d Cir. 1986) (citing *Chardón v. Fernández*, 454 U.S. 6 (1981); *Del. State Coll. v. Ricks*, 449 U.S. 250 (1980)); *see also Lomako v. N.Y. Inst. of Tech.*, 440 F. App'x 1, 3 (2d Cir. 2011) (affirming district court's decision that a professor's claims accrued as of the date he was notified of the denial of his reappointment, and not the date of his subsequent termination). The "official announcement" of an adverse action "does not control the start of the 300–day period"; rather, the period begins to run when the employee "receives notice of the adverse action." *Cetina v. Longworth*, 583 F. App'x 1, 3 (2d Cir. 2014) (summary order).

Here, Plaintiff filed his charge on September 15, 2014. Thus, as Plaintiff concedes, any claims arising on or before November 19, 2013—300 days prior to the filing of his

---

[1] Citations to a party's Rule 56.1 statement and memorandum incorporate by reference the documents cited therein. The Court takes to be true facts stated in a party's Rule 56.1 statement supported by testimonial or documentary evidence and denied by the other party with only a conclusory statement without citation to conflicting testimonial or documentary evidence. E.D.N.Y. Local Rules 56.1(c)–(d).

discrimination charge—are untimely. *See* ECF No. 24-27 at 13-14. Regarding tenure, Plaintiff received clear and unmistakable notice that he was in a non-tenured track position in his appointment letter, which he signed and acknowledged on July 15, 2011. Def. St. ¶ 14. Regarding the NYS-RISE project and Defendant's non-reappointment, the record shows Plaintiff was informed as of the end of August 2013, effective immediately, as a result of an investigation into his conduct by Human Resources, he was relieved of all duties for the last and final year of his appointment, including teaching classes, attending faculty meetings, and directing the NYS-RISE project. *Id.* ¶¶ 35, 43-46. Plaintiff's claims are therefore time-barred and must be dismissed. *See Baroor v. N.Y.C. Dep't of Educ.*, 362 F. App'x 157, 159 (2d Cir. 2010) (summary order) (holding Title VII claims were time-barred where the EEOC charge was filed outside the 300-day period); *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 112-13 (2d Cir. 2008) (holding ADEA claims were barred were the EEOC charge was filed outside the 300-day period).

## II. There Are No Genuine Issues of Material Fact Precluding Summary Judgment

In any event, the Complaint must be dismissed because the Court finds there are no genuine issues of material fact precluding summary judgment. Discrimination claims under Title VII and the ADEA are governed by the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82-83 (2d Cir. 2015). Under this framework:

> the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. If the plaintiff does so ... the defendant [must] articulate some legitimate, nondiscriminatory reason for its action. If such a reason is provided, plaintiff ... may still prevail by showing ... that the employer's determination was in fact the result of [discrimination].

*Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008) (citations omitted). "To establish a *prima facie* case of discrimination under both Title VII and the ADEA, a plaintiff must show: (i) she is a member of a protected class; (ii) she is qualified for her position; (iii) she suffered an adverse employment action; and (iv) the circumstances give rise to an inference of discrimination." *Hamilton v. DeGennaro*, 17-CIV-7170, 2019 WL 6307200, at *7 (S.D.N.Y. Nov. 25, 2019) (Failla, J.) (citing *Vega*, 801 F.3d at 83).

First, Plaintiff cannot make out a *prima facie* case for national origin or religious discrimination under Title VII, *see Wesley-Dickson v. Warwick Valley Cent. Sch. Dist.*, 973 F. Supp. 2d 386, 397 (S.D.N.Y. 2013), *aff'd* 586 F. App'x 739 (2d Cir. 2017) (summary order), nor can Plaintiff make out a *prima facie* case of age discrimination under the ADEA, *see Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 168-69 (2d Cir. 2014). Ultimately, Plaintiff cannot demonstrate he was "qualified" for reappointment. The tenured faculty of Plaintiff's department unanimously voted not to reappoint Plaintiff based: (1) on its collective opinion Plaintiff's unprofessional, abrasive conduct was not acceptable for a professor within the department; and (2) Plaintiff's failure to secure research funding made him unfit to continue in the role of Research Professor. Def. St. ¶ 31. That conclusion is entitled to some deference, *see Boise v. N.Y. Univ.*, 03-CV-5862, 2005 WL 2899853, at *5 (S.D.N.Y. Nov. 3, 2005) (Sweet, J.), *aff'd*, 201 F. App'x 796 (2d Cir. 2006) (summary order) (noting "[a]cademic decisions concerning personnel are entitled to deference"), and Plaintiff's personal beliefs and assessment of his own qualifications are immaterial, *see Oluyomi v. Napolitano*, 811 F. Supp. 2d 926, 943 (S.D.N.Y. 2011) (noting the plaintiff's "own opinions about [his] qualifications do not give rise to a material fact dispute").

Moreover, Plaintiff cannot demonstrate Defendant's decision not to reappoint him occurred "under circumstances giving rise to an inference of discrimination." *Grady v. Affiliated Cent.*, 13 F.3d 553, 559 (2d Cir. 1997). Among other things, Plaintiff has not produced any evidence—outside of his own unsubstantiated claims— showing his age, national origin, or religion, played any role in his non-reappointment. And again, the record contains undisputed evidence the tenured faculty unanimously voted not to reappoint Plaintiff because of his unprofessional conduct and failure to obtain funding. Def. St. ¶ 31. Significantly, a majority of the tenured faculty were in the protected age class; Plaintiff fails to identify a single comparator outside his protected class who was treated more favorably than him; a member of the tenured faculty who voted not to re-appoint Plaintiff was also Iranian and Muslim; and Plaintiff had been reappointed less than two years prior to the vote not to reappoint him. *Id.* ¶¶ 14-17, 29, 33, 47

Aside from Plaintiff's failure to establish a *prima facie* case of discrimination, the record establishes Defendant had legitimate, non-discriminatory reasons for its decision not to renew Plaintiff's appointment. Again, the record is replete with evidence Plaintiff was a difficult colleague with whom to work—abusive, arrogant, and accusatory—and that his efforts to secure research grants largely fell flat, *Id.* ¶¶ 18-23, 26, and there is no evidence in the record to suggest Defendant's rationale was pretextual. Where, as here, "there is overwhelming evidence that the employer had a legitimate reason to dismiss an employee, the employee must present more than a few isolated pieces of contrary evidence to survive summary judgment." *Chen v. City Univ. of N.Y.*, 11-CV-320, 2014 WL1285595, at *8 (S.D.N.Y. May 31, 2014) (Abrams, J.) (internal quotation marks omitted) (quoting *Richardson v. Comm'n on Human Rights & Opps.*, 532 F.3d 114, 125 (2d Cir. 2008)). Thus, there are no genuine issues of material fact precluding summary judgment in this action.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

The Clerk of Court is directed to terminate the motion pending at ECF No. 24 and close the case.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2019
　　　　Brooklyn, New York